**WO** BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas A. Villalpando, | ) | No. CV 05-0422-PHX-JAT (MEA) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Maricopa County Sheriff's Office, et al., | ) | |
| Defendants. | ) | |

Plaintiff Thomas A. Villalpando, currently confined in the Maricopa County Lower Buckeye Jail in Phoenix, Arizona, has filed a *pro se* Amended Complaint pursuant to § 1983.[1] This action is one of more than one thousand lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations. The Court will order Defendant Arpaio served.

**A.   Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**B.     Complaint.**

Plaintiff names as a Defendant Joe Arpaio, Sheriff of Maricopa County. Plaintiff alleges that his constitutional rights were violated by (1) unsanitary conditions in the kitchen due to untrained food handlers and improper food storage, resulting in spoiled, moldy, and rotten food, and mice infestation, (2) unsanitary conditions in the bathroom due to lack of cleaning resulting exposure to communicable diseases, (3) overcrowding in the intake areas, (4) unsanitary conditions in the cells because of lack of day room access resulting in inmates being forced to eat in their cells, which causes food in the cell areas to attract insects and spiders, (5) overcrowding in the cell area resulting in threat to his safety and exposure to illnesses, (6) interference with the grievance procedures because it is difficult to obtain and submit grievances, (7) the cell temperature and refusal to provide blankets resulting in him being cold during the night, and (8) denial of outside recreational activities. Plaintiff seeks monetary and other relief.

**C.     Failure to State a Claim.**

*1.     Hart v. Hill*

Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-EHC (D. Ariz.), claiming that the conditions of his confinement violated an Amended Judgment in that action. Jurisdiction to enforce the judgment is retained by the court which entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by

1 the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial decrees are the means 2 by which unconstitutional conditions are corrected but they do not create or enlarge 3 constitutional rights. Id. at 1123. To the extent Plaintiff seeks to enforce Hart v. Hill, his 4 claim is not properly brought in this action.

5 *2. Count VI - Grievance System*

6 A prisoner does not have a protected liberty interest in prison grievance procedures. 7 Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Plaintiff thus has not established that 8 his constitutional rights were violated by him having difficulty in obtaining and submitting 9 a grievance. This Count will be dismissed with prejudice.

10 **D.  Claims For Which An Answer Will be Required.**

11 At this early stage, Plaintiff sufficiently alleges that his constitutional rights were 12 violated by (1) unsanitary conditions in the (a) food service area, (b) bathroom area, and 13 (c) cell area, (2) overcrowding in the (a) intake area and (b) cell area, (3) the temperature in 14 the cells, and (4) denial of outside recreational activities. Defendant Arpaio will be ordered 15 to answer these claims.

16 **E.  Warning of Possible Dismissal Pursuant to Rule 41.**

17 Plaintiff should take notice that if he fails to timely comply with every provision of 18 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 19 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260- 20 61 (9th Cir. 1991) (district court may dismiss action for failure to comply with any order of 21 the Court).

22 **IT IS THEREFORE ORDERED that:**

23 (1) Count VI is dismissed with prejudice.

24 (2) Defendant Arpaio is ordered to answer the Amended Complaint.

25 (3) The Clerk of Court shall send Plaintiff a service packet including the Amended 26 Complaint (Doc. #6), this Order, and both summons and request for waiver forms for 27 Defendant Arpaio.

28

(4) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on the Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(6) The United States Marshal shall retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

    (a) Personally serve copies of the Summons, Amended Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

    (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2)

and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Amended Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant shall answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or responsive pleading shall state the Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the Defendant by name on whose behalf it is filed.

(11) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(12) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(13) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge

1  or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement
2  may result in the pleading or document being stricken without further notice to Plaintiff.
3      (14)  This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Local
4  Rules of Civil Procedure 72.1 and 72.2 for further proceedings.
5      DATED this 9th day of November, 2005.

_____
James A. Teilborg
United States District Judge